IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20792
c/w No. 01-40777
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMIRO GARCIA-HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-104-2
USDC No. 01-CR-95-1
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ramiro Garcia-Hernandez (Garcia) appeals the 18-month prison sentence and three-year term of supervised release imposed following his plea of guilty to the charge of being found in the United States after having been deported in violation of 8 U.S.C. § 1326 and the revocation of a previously-imposed supervised-release term based upon the same conduct. He contends for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

first time on appeal that 8 U.S.C. § 1326(b)(2) is unconstitutional because it does not require the prior aggravated felony conviction used to increase his sentence to be proven as an element of the offense.  He argues that his conviction should be reformed to the lesser-included offense in 8 U.S.C. § 1326(a) and that he should be resentenced to no more than two years' imprisonment and one year of supervised release.

Garcia acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).  Garcia's argument is foreclosed.  The judgment of the district court is AFFIRMED.